**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00613-FDW
(3:15-cr-00273-FDW-DCK-3)**

| | | |
|---|---|---|
| ALEX LENARD MCCOY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial screening of Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.     BACKGROUND**

On November 18, 2015, Pro Se Petitioner Alex Lenard McCoy ("Petitioner") was charged in a Bill of Indictment with one count of crack cocaine trafficking conspiracy in violation of 21 U.S.C. § 841(a)(1) and 846 (Count One); two counts of distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Counts Five and Six); and one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). [CR Doc. 38: Indictment].

On May 16, 2016, Petitioner and the Government entered into a Plea Agreement pursuant to which Petitioner agreed to plead guilty to Count One and the Government agreed to dismiss the remaining charges in the Indictment. [CR Doc. 67: Plea Agreement]. Among other relevant terms

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00613-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:15-cr-00273-FDW-DCK-3.

in the Plea Agreement, the parties agreed to jointly recommended that the Court find that the drug quantity "known to or reasonably foreseeable by the [Petitioner] was at least eight hundred and forty (840) grams but less than two thousand eight hundred (2,800) grams." [CR Doc. 67 at 2]. In the Plea Agreement, Petitioner stipulated that there was a factual basis for his guilty plea. [Id.]. The Factual Basis was filed on May 24, 2016. [CR Doc. 70]. The Factual Basis also stated that the drug quantity known to or reasonably foreseeable by Petitioner was at least 840 grams but less than 2,800 grams.[2] [Id. at 3].

Petitioner's Rule 11 hearing was held on June 1, 2016. At the hearing, the Government realized the Plea Agreement referred to cocaine, rather than cocaine base, when discussing the quantity of drugs involved in the conspiracy. [CR Doc. 126 at 8: Plea Hearing Tr.]. Counsel for the parties agreed to a "pen and ink" correction to the Plea Agreement to correctly state the drug as cocaine base. Petitioner did not object and the Court allowed the attorneys to initial the change. An Amended Plea Agreement reflecting this change, and otherwise identical in all respects to the original Plea Agreement, was filed the same day. [CR Doc. 71]. Petitioner pleaded guilty in accordance with the Amended Plea Agreement (hereinafter "Plea Agreement"). [CR Doc. 72: Acceptance and Entry of Guilty Plea]. The Plea Agreement also provided, in part, as follows:

> In this case, the Government has filed an Information regarding one prior felony drug conviction pursuant to 21 U.S.C. 851. The Defendant stipulates, agrees, and affirms that the Information is accurate and valid for purposes of 21 U.S.C. § 851, and that Defendant has no challenge to the same. Thus, the Defendant is facing a mandatory statutory sentence of not less than twenty (20) years nor more than life imprisonment. HOWEVER, if the Defendant complies with each and every provision of this plea agreement, the United States will withdraw such Section 851 information at the time of sentencing, so the Defendant will be

---

[2] The Factual Basis also describes details of various drug transactions involving Petitioner and/or his associates. The total amount of crack cocaine involved in those transactions is 140.4 grams. [CR Doc. 70 at ¶¶ 2-6, 8-9].

> facing a sentence of no less than ten (10) years nor more than life imprisonment.

[CR Doc. 71 at 2].

A United States Magistrate Judge accepted Petitioner's guilty plea after conducting a thorough plea colloquy, during which Petitioner was represented by counsel. [See id.]. Under oath, Petitioner told the Court that he received a copy of the Indictment and discussed it with his attorney. [Id. at ¶ 8]. The Court then asked the Government to explain the charge and penalty. [CR Doc. 126 at 3]. The Government noted, among other things, that the mandatory minimum for a conviction under 21 U.S.C. § 841(b)(1)(A) was 10 years to life, but that the Government had filed an 851 enhancement for Petitioner's prior felony drug conviction, which increased the mandatory minimum to 20 years to life. [CR Doc. 126 at 3-5]. The Government then noted the Plea Agreement provision in which the Government agreed to withdraw the 851 enhancement if Petitioner complied with the terms of the Plea Agreement. [Id. at 4]. Petitioner told the Court that he fully understood the charge against him, including the maximum penalty he faced if convicted. [CR Doc. 72 at ¶ 9]. The Petitioner further attested that he had spoken with his attorney regarding how the U.S. Sentencing Guidelines might apply to his case and that, in some circumstances, Petitioner may receive a sentence higher or lower than that called for in the Guidelines. [Id. at ¶¶ 13, 15]. The Petitioner also attested that he understood that the District Judge could not determine the applicable Guidelines range until after Petitioner's Presentence Report was prepared. [Id. at ¶ 14]. The Petitioner also told the Court that he understood that if his sentence is more severe than Petitioner expected, the Petitioner will still be bound by his plea and would have no right to withdraw it. [Id. at ¶ 17]. The Petitioner stated, under oath, that he is in fact guilty of the count in the Bill of Indictment to which he was pleading guilty. [Id. at ¶ 24].

The Petitioner further attested that he understood the terms of his Plea Agreement and agreed with those terms. [CR Doc. 72 at ¶ 26]. In reviewing the terms of the Plea Agreement at the plea hearing, the Government inadvertently stated the drug quantity known to or reasonably foreseeable by Petitioner as "at least **240** grams but less than 2,800 grams." [CR Doc. 126 at 9: Plea Hearing Tr. (emphasis added)]. The mistake went unnoticed at the hearing. [See id., generally]. As noted, the Plea Agreement and the Factual Basis correctly provide that Petitioner was responsible for "at least eight hundred and forty (840) grams but less than two thousand eight hundred (2,800) grams." [CR Doc. 70 at ¶ 11; CR Doc. 71 at 2]. The Petitioner also told the Court that he was aware that a Factual Basis had been filed in his case and that he had read it, understood it, and agreed with it. [Id. at ¶¶ 30-1]. Petitioner stated that no one had threatened, intimidated, or forced him to enter his plea of guilty. [Id. at ¶ 32]. Petitioner also stated that, other than the terms of his Plea Agreement, no one made him promises of leniency or a lighter sentence to induce him to plead guilty. [Id. at ¶ 32]. Finally, Petitioner told the Court that he was "satisfied with the services of [his] lawyer in this case." [Id. at ¶ 35].

Prior to Petitioner's sentencing hearing, a probation officer prepared a Presentence Report (PSR). [CR Doc. 96]. Based on a Total Offense Level of 33 and a Criminal History Category of IV, the probation officer noted a guideline imprisonment range of 188 to 235 months but found that Petitioner's statutorily required minimum sentence of 20 years was greater than the maximum applicable guideline range. The probation officer, therefore, found that the guideline term of imprisonment was 240 months. [Id. at ¶¶ 33, 50, 79, 80 (citing U.S.S.G. § 5G1.1(b))].

At Petitioner's sentencing hearing, the Court affirmed the Magistrate Judge's findings and acceptance of the Petitioner's guilty plea. [CR Doc. 129 at 5-6: Sentencing Tr.]. The Government withdrew its 851 enhancement [CR Doc. 45], pursuant to the Plea Agreement, thereby reducing

Petitioner's mandatory minimum sentence from 20 years to life to 10 years to life. [CR Doc. 129 at 10]. The Court noted, therefore, that its starting point for considering objections to the PSR was the guidelines range of 188 to 235. [CR Doc. 129 at 11]. The Court heard argument and evidence on the Government's objections to the PSR. The Court granted the objections, which enhanced the Total Offense Level to 37 and resulted in a guidelines range of 292 to 365. [CR Doc. 129 at 12, 40-41, 45]. The Court entered judgment of guilty and sentenced Petitioner to a term of 292 months' imprisonment. [CR Doc. 118 at 2: Judgment].

Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals. [CR Doc. 120]. The Fourth Circuit affirmed this Court's judgment, finding, in pertinent part, as follows: (1) that despite the Government's misstatement regarding the drug quantity at the plea hearing, "there's no reason to think that [Petitioner] mistakenly believed or intended to plead guilty to anything other than a crack-cocaine conspiracy involving the precise drug quantities laid out in the factual basis and plea agreement;" (2) that Petitioner "knowingly and intelligently waived his right to appeal;" and (3) that this Court did not err in concluding there was a factual basis supporting Petitioner's guilty plea. United States v. McCoy, 895 F.3d 358, 363, 365 (4th Cir. 2018). The Supreme Court denied Petitioner's petition for writ of certiorari. McCoy v. United States, 139 S. Ct. 494 (2018).

On November 12, 2019, Petitioner filed the pending Section 2255 motion to vacate. [CV Doc. 1]. In his Section 2255 motion, Petitioner claims his counsel was ineffective because his counsel "misled [Petitioner] into pleading guilty under the impression that he was only responsible for a drug quantity as alleged in the factual basis." [CV Doc. 1 at 4].

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After conducting an initial screening and examining the record in this matter, the Court finds that the Petitioner has not asserted a colorable claim for relief cognizable under § 2255(a) and the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v.

Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Further, a petitioner must show that proceeding to trial would have been objectively reasonable. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012).

In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss . . . any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

When a defendant pleads guilty, he waives all nonjurisdictional defects in the proceedings conducted prior to entry of the plea. United States v. Moussaoui, 591 F.3d 263, 279 (4th Cir. 2010). Thus, a knowing and voluntary guilty plea "forecloses federal collateral review" of prior constitutional deprivations, including allegations of ineffective assistance of counsel that do not affect the voluntariness of the plea. See Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1294-96 (4th Cir. 1992); accord United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983). A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative

courses of action open to the defendant." Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing North Carolina v. Alford, 400 U.S. 25, 31 (1970)).

Petitioner contends his attorney was ineffective because his attorney "misled him into pleading guilty under the impression that he was only responsible for a drug quantity as alleged <u>in the Factual Basis</u>." [CV Doc. at 4 (emphasis added)]. In his supporting memorandum, however, Petitioner argues that he "pled guilty under the impression, that his plea was based on the drug quantities alleged <u>in the overt act of indictment</u>, not on the few months of the conspiracy dates."[3] [CV Doc. 1-1 at 10 (emphasis added)].

Petitioner's contention that his attorney misled him regarding the drug quantity for which Petitioner would be deemed responsible is belied by (1) the plain language of Petitioner's Plea Agreement and the Factual Basis and (2) Petitioner's sworn representations during the plea proceedings that (a) he understood the charge and the maximum penalty; (b) he has read the Plea Agreement and agreed with his terms; (c) he signed the Plea Agreement; (d) he read, understood and agreed with the Factual Basis; (d) he was not threatened, intimidated, or forced to plead guilty; (e) other than his Plea Agreement, no one made him any promises of leniency or a light sentence; (f) that he was in fact guilty of the offense; and (g) that he was satisfied with his attorney's performance. [CR Doc. 38]. Petitioner has not alleged or shown extraordinary circumstances to overcome the sworn testimony that he gave during the plea hearing. See Lemaster, 403 F.3d at 221-22. Petitioner's after-the-fact assertion that, despite all this, his attorney misled him into believing he would only be responsible for 140.4 grams or 280 grams of crack cocaine, whether

---

[3] The Indictment alleges that, as to the conspiracy offense charged in Count One, "five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, and two hundred and eighty (280) grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly called 'crack cocaine'" is attributable to Petitioner. [CR Doc. 38 at 1-2]. As noted, the amount of crack cocaine involved in the drug transactions described in the Factual Basis totals 140.4 grams. [CR Doc. 70 at ¶¶ 2-6, 8-9].

8

Petitioner points to the Indictment or the Factual Basis, is unsupported, at best. Further, the Fourth Circuit has already held that "there's no reason to think that [Petitioner] mistakenly believed or intended to plead guilty to anything other than a crack-cocaine conspiracy involving the precise drug quantities laid out in the factual basis and plea agreement." McCoy, 895 F.3d at 363. Accordingly, his claim of ineffective assistance on this issue is without merit.

Additionally, although Petitioner alleges that he pleaded guilty based on having been misled by his attorney regarding the drug quantity for which he would be responsible, Petitioner certainly does not show that proceeding to trial would have been objectively reasonable. See United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012). This claim also fails, therefore, because he has not adequately alleged or shown prejudice.

In sum, for the reasons stated herein, Petitioner cannot show deficient performance and prejudice; therefore, his ineffective assistance claim is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive

procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 3, 2020

Frank D. Whitney
Chief United States District Judge